**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**GLENN RODNEY WRIGHT**                                                            **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 3:14CV182-HTW-LRA**

**STATE OF MISSISSIPPI, ET AL**                                         **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter came before the Court on the Motion to Proceed *in Forma Pauperis* [ECF No. 2] filed on March 4, 2014, by Glenn Rodney Wright, also known as Rodney Wright [hereinafter "Plaintiff" or "Wright"]. Plaintiff filed a Complaint against the State of Mississippi, Memphis, Tennessee, and the Millington Navy Command Center. His Complaint is unclear, but he also may be naming as Defendants Thad Cochran, Roger Wicker, Bishop S. R. Chamber, Robert White, James Mason, and the Memphis Prosecutors' Office. The Complaint asserts that Plaintiff is an adult resident citizen of Shelby County, Tennessee.

According to Plaintiff's Motion to Proceed *In Forma Pauperis*, his total monthly income is $395, including $130 in child support, $85 in disability income and $180 in food stamps. He may have a new job that he describes as "new employee-- weekly finance unstable" and "unstable check" in the amount of $2,888.00. He describes himself as a "homeless truck driver," asserting that his home and vehicles were taken by the Memphis government.

If only his income and expenses are reviewed, Plaintiff may be entitled to proceed without the prepayment of fees. However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to

proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Plaintiff's Complaint [ECF No. 1] is written on the "sample form" intended to be used only as a guide and marked in that manner. The facts alleged by him are quoted verbatim as follows:

> Disposition of the Emancipation Act, and the Crow Law by modern day satellite invasion of privacy. Victim of echelon spying system by satellite stalking, and laser burning as functional widespread harassment for cause of government job splitation. Grouping for targeting individuals to multiple failures, and illegal broadcasting of individual life by means of satellite power enforcement.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Neitzke*.

The Plaintiff is prosecuting this case *pro se.* Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil

Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 239 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under any rule of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Although a court must assume all well-pleaded allegations in the complaint as true the court need not assume as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The Court in *Iqbal* established the following two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The "plausibility standard" of Rule 8 applies to all civil actions and must be met in order to survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1953-54.

The undersigned has reviewed Plaintiff's complaint under Rule 8 and finds that Plaintiff has plead no more than incomprehensible conclusions. He does not give a basis for this Court's jurisdiction and does not set forth facts which would serve as an underlying basis for any federal claim. His allegations do not pass the "plausible" requirement even for *pro se* litigants.

On March 20, 2014, the Court entered an Order granting Plaintiff until April 16, 2014, to amend his Complaint to state a claim cognizable under the law. He failed to do so or to request additional time to file an amended pleading. For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed under 28 U.S.C. § 1915(e)(2)(b) for failing to state a claim on which relief may be granted.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 24th day of April 2014.

                                                      s/ Linda R. Anderson  
                                      UNITED STATES MAGISTRATE JUDGE